In the Matter of the Accounting of PETER C. JUNG, as Executor of HANORA A. WOELFINGER, Deceased.

Surrogate's Court, Erie County, February 9, 1948.

*Lester Harwood Block* for executor.

*George L. Grobe, United States Attorney for the Western District of New York* (*James R. Frivitera* of counsel), for Tom C. Clark, Attorney General of the United States, on behalf of possible unknown distributees.

*Nathaniel L. Goldstein, Attorney-General* (*Michael Geraci* of counsel), for unknown heirs.

*Michael A. Catalano,* special guardian for Marie W. Vogel and her distributees, consisting of certain enemy aliens.

BUSCAGLIA, S.  Hanora A. Woelfinger died testate on February 12, 1946.  Her will was admitted to probate on or about May 3, 1946.  Letters testamentary were issued to Peter A. Jung, the executor named in the will.

The testatrix provided in article " Eleventh " of the said will, as follows: " I give and bequeath to my Executor hereinafter named, the sum of Three thousand dollars ($3,000.00), and direct that he pay the same to my sister-in-law, Marie Woelfinger Vogel, residing at #111 Leipsiger Strasse, Weissenfels, Saale Germany, (or, if she predeceases me, to her distributees as determined by the intestacy laws of the State of New York) provided that my Executor determines that she or they will receive the actual benefit thereof, otherwise, I direct that the same shall become a part of my residuary estate and the determination with respect thereto by my Executor shall be final and conclusive."

Marie Woelfinger Vogel survived the testatrix and died December 14, 1946.  On March 31, 1947, the United States Attorney General issued Vesting Order No. 8612 (12 Federal Register 2428), vesting all the right, title, interest and claim of any kind or character whatsoever of Marie Woelfinger Vogel in and to the estate of the decedent.

The executor has filed his account and has petitioned this court for a determination of the interest of the Attorney General under said vesting order.

According to the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, §§ 1–31, as enacted by Congress on Oct. 6, 1917, and as amd. by First War Powers Act, 1941, tit. III, § 301 [55 U. S. Stat. 839]), the President of the United States, or any official or officials as he shall designate, may direct the seizure, use and disposition of property in this country during time of war, belonging to subjects of the enemy.

In the instant case, the above-referred to Presidential authority was duly delegated to the Attorney General of the United

States, who issued Vesting Order No. 8612, vesting all of the right, title, interest and claim of any kind or character whatsoever of Marie Woelfinger Vogel in and to the estate of the above decedent.

The determination and conclusions of the Attorney General upon which the vesting order is based are not subject to judicial review. (*Hirabayashi* v. *United States*, 320 U. S. 81; *Gray* v. *Powell*, 314 U. S. 402, 411.)

The Attorney General in Vesting Order No. 8612 determined that all of the right, title and interest of Marie Woelfinger Vogel in the estate of the decedent is enemy-owned property. By the issuance of the Vesting Order contained in this determination, the Attorney General acquired title to all interest of the designated enemy national in the estate of the decedent. (*Cummings* v. *Deutsche Bank*, 300 U. S. 115 [1937]; *Commercial Trust Co.* v. *Miller*, 262 U. S. 51 [1923]; *United States* v. *The Antoinetta*, 153 F. 2d 138 [1945], certiorari denied *sub nom.* *Lorenzo* v. *United States*, 328 U. S. 863, rehearing denied 329 U. S. 820.)

The Attorney General's finding and determination that the property is enemy owned is conclusive and binding on this court. This court has no alternative but to direct payment of the funds in question to the Attorney General of the United States.

Let the decree of judicial settlement provide accordingly.